**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| STEMCOR USA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-4862 |
| | § | |
| M/V PATRIA, ETC., *et al.,* | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This admiralty action involves a cargo of steel coils alleged to have arrived at its

destination in damaged condition.  Stemcor USA, Inc., the cargo owner, sued the vessel, the

*M/V PATRIA*, *in rem*, and its time charterer, Unishipping S.A., seeking damages exceeding

$108,647.80, plus interest.  Stemcor alleged that the steel coils were loaded in Casablanca,

Morocco in good condition but were physically damaged on arrival at the Port of New

Orleans.  (Docket Entry No. 1).

Unishipping moved to dismiss, or alternatively, for summary judgment, on the basis

that Stemcor shipped the cargo under a charter party that contractually obligated Stemcor to

seek arbitration of any claims within one year after the cargo was discharged.  (Docket Entry

No. 23).  Stemcor responded, (Docket Entry No. 26), and Unishipping replied.  (Docket

Entry No. 28).  Based on the motion, response, and reply, the parties' submissions, and the

applicable law, this court grants Unishipping's motion to dismiss, in part.  The case is

dismissed, but without prejudice, to allow Stemcor to pursue its cargo claim in arbitration, in accordance with the charter party.  In the arbitration, Unishipping may pursue its defense that Stemcor has waived any right to recover because it failed to seek arbitration timely and failed to comply with the procedural requirements for initiating arbitration.

The reasons for these rulings are stated below.

## I.    Background

Stemcor, the cargo owner, is a Delaware corporation with its principal place of business in New York.  Unishipping, the vessel's time charterer, is a French business entity with its headquarters in Paris.[1]  On October 29, 2003, Unishipping entered into a charter party with Stemcor to ship a cargo of steel coils from Casablanca to New Orleans. Unishipping attached a copy of the charter party to its motion to dismiss.  (Docket Entry No. 23, ex. A).

Clause 36 of a rider attached to the charter party states as follows:

> 36)    Arbitration:
> If any dispute arises under this contract, same shall be settled by arbitration in New York in accordance with the rules of the American Arbitration Association.  The dispute shall be referred to one arbitrator, who shall be a commercial man carrying business in New York, the arbitrator to be chosen from a list of arbitrators submitted by the American Arbitration Association.  His decision shall be final and binding upon the parties and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof.   New York law to govern interpretation/execution of this contract.  Any claim must be made in writing

---

[1]    In addition to the *M/V PATRIA* and Unishipping, Stemcor originally sued m.s. "Patria" Interscan Reederei GmbH & Co., a German business entity, the owner and operator of the *M/V PATRIA*. (Docket Entry No. 1).  Stemcor later dismissed Interscan and Orion Schiffahrts-Gesellschaft Reith & Co. GmbH & Co. KG appeared as the claimant to the *M/V Patria*.  (Docket Entry Nos. 10, 17).

and arbitrator appointed within twelve months of completion of discharging operations, otherwise any claim shall be deemed to be waived and barred.  In case the claim is below USD 50,000.00 that dispute, if any, shall be settled in accordance with the small claims procedure.

(*Id.*).

The *M/V PATRIA* sailed from Casablanca on October 15, 2002 and arrived at New Orleans on November 2, 2002.  Stemcor alleged that although its shipper tendered the cargo of cold-rolled steel coils to Unishipping in good order and condition, as noted on various bills of lading, much of the steel arrived "dented, bent, nicked, gouged, flattened and otherwise physically damaged."  (Docket Entry No. 1).  Stemcor filed this admiralty action on October 29, 2003.  Stemcor included in its complaint the following language:

If any charter party, booking note, bill of lading or other contract of carriage legally obligates Plaintiff to arbitrate all or any part(s) of the disputes or matters arising herein, then Plaintiff hereby presents notice of claim and demand for relief at arbitration in the forum required and, for that purpose, appoints Jack Berg of New York as arbitrator.

(*Id.*, § VI).  Unishipping moved to dismiss, or alternatively, for summary judgment, on the basis that Stemcor failed to comply with the contractual mandatory arbitration provision.

## II.     The Applicable Legal Standards

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted."  FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) dismissal is appropriate only if there is no set of facts that could be proven consistent with the complaint allegations that would entitle the plaintiff to relief.  *Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).  The court must accept all well-pleaded facts as true and view them in the light

most favorable to the plaintiff.  *Id.*  In order to avoid dismissal, however, a court need not

"accept as true conclusory allegations or unwarranted deductions of fact."  *Id.* (quoting

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).

In considering a Rule 12(b)(6) motion to dismiss, a court must limit itself to the

contents of the pleadings, with one important exception.  In *Collins*, 224 F.3d at 498–99, the

Fifth Circuit approved the district court's consideration of documents the defendant attached

to a motion to dismiss.  In *Collins* and later in *Scanlan*, the Fifth Circuit made it clear that

"such consideration is limited to documents that are referred to in the plaintiff's complaint

and are central to the plaintiff's claim."  343 F.3d at 536, citing *Collins,* 224 F.3d at 498–99.

Other courts approve the same practice, stating that "[d]ocuments that a defendant attaches

to a motion to dismiss are considered part of the pleadings if they are referred to in the

plaintiff's complaint and are central to her claim."  *Venture Assocs. Corp. v. Zenith Data Sys.*

*Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *see also Field v. Trump*, 850 F.2d 938, 949 (2d Cir.

1998); *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994).

Summary judgment is appropriate if no genuine issue of material fact exists and the

moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56.  Under Rule

56(c), the moving party bears the initial burden of "informing the district court of the basis

for its motion, and identifying those portions of [the record] which it believes demonstrate

the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986); *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994).  The party moving for

summary judgment must demonstrate the absence of a genuine issue of material fact, but

need not negate the elements of the nonmovant's case. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When the moving party has met its Rule 56(c) burden, the nonmovant cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995). The nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *See Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 325). "Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Little*, 37 F.3d at 1075 (quoting *Celotex*, 477 U.S. at 322).

## III.    Analysis

Unishipping argues that, as a matter of law, Stemcor's failure to comply with the charter party arbitration provision bars its claim for damages. Unishipping asks this court to dismiss Stemcor's claims with prejudice. Stemcor asks this court to deny Unishipping's motion and stay the action pending arbitration. (Docket Entry No. 26). Although Stemcor initially filed this suit, it now seeks to arbitrate its claims. Stemcor argues that it satisfied the charter party's arbitration provision by including the following paragraph in its original complaint:

> If any charter party, booking note, bill of lading or other contract of carriage legally obligates Plaintiff to arbitrate all or any part(s) of the disputes or matters arising herein, then Plaintiff hereby presents notice of claim and

demand for relief at arbitration in the forum required and, for that purpose, appoints Jack Berg of New York as arbitrator.

(Docket Entry No. 1, § VI).  Stemcor states in its summary judgment response that it included this clause because "Stemcor's counsel did not then know but suspected the possibility that the PATRIA had carried the coils not only under one or more bills of lading, but also under a voyage charter party."  (Docket Entry No. 26).  Counsel included the language "out of caution" and "[b]ased on their familiarity with Stemcor's occasional activity of entering into voyage charters containing clauses requiring arbitration of disputes in New York."  (*Id.*).

Unishipping responds that Stemcor did not begin any arbitration with the American Arbitration Association within twelve months of completing discharge operations as the arbitration clause in the charter party requires, and did not follow the procedures for initiating arbitration required by the arbitration clause.  The arbitration clause in the charter party made the American Arbitration Association rules applicable. Under those rules, initiating an arbitration claim requires the following steps:

> The initiating party (the "claimant") shall, within the time period, if any specified in the contract(s), give to the other party (the "respondent") written notice of its intention to arbitrate (the "demand"), which demand shall contain a statement setting forth the nature of the dispute, the names and addresses of all other parties, the amount involved, if any, the remedy sought, and the hearing locale requested.

AM. ARB. ASSOC. Commercial Arb. Rule R-4(a)(i).  Initiating an arbitration also requires that "[t]he claimant shall file at any office of the AAA two copies of the demand and two copies of the arbitration provisions of the contract, together with the appropriate filing fee as

provided in the schedule included with these rules." R-4(a)(ii).  Because Stemcor attempted

to initiate arbitration by including an alternative demand in its federal court complaint,

Unishipping argues that Stemcor did not timely initiate AAA arbitration as required under

the charter party or AAA Rules.  Because Stemcor unilaterally selected an arbitrator, rather

than initiating the arbitration as required by the AAA rules, Unishipping argues that Stemcor

did not effectively initiate arbitration as the parties' contract required.

Unishipping emphasizes that Stemcor admitted that it had not timely filed a request

for arbitration with the AAA.  Unishipping has attached the following response to its request

for admission:

> **Request for Admission No. 2:**
>
> Please admit that you did not initiate New York arbitration or appoint a New
> York arbitrator pursuant to American Arbitration Association Procedures in
> connection with your claim on the cargo of steel coils involved in this law suit
> within twelve months of November 4, 2002.
>
> **Response:** Admitted.

(Docket Entry No. 24, Ex. B at 10).  In its response to Unishipping's summary judgment

motion, Stemcor requests that this court permit it to withdraw this admission.  According to

Stemcor, one of its attorneys, Robert C. Oliver of Sharpe & Oliver, L.L.P., drafted the

complaint, including the conditional notice of arbitration claim.  Another Stemcor attorney,

R.M. Sharpe of the same law firm, filed the discovery response in which Stemcor admitted

it had not initiated arbitration.  According to Stemcor, the "error in preparing the response

as neither intentional nor the result of any conscious indifference, but solely was occasioned

by [Sharpe's] inadvertent mistake in not reviewing the Complaint before finalizing the response." (Docket Entry No. 26 at 4). Stemcor argues that it did timely initiate arbitration by including the conditional notice of the arbitration claim in the complaint filed in federal court. "In all respects, Stemcor has complied with the requirements of the charter party's arbitration clause." (*Id.* at 7). Because it has complied with the arbitration clause, according to Stemcor, "[t]he Court should allow the arbitrator, Jack Berg, to resolve any issue about Stemcor's compliance with the charter party's arbitration clause in presenting claim notice and arbitrator appointment." (*Id.* at 8).

The Federal Arbitration Act states that "[a] written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration . . . shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. The Act also defines "maritime transaction" as "charter parties, bills of lading of water carriers, agreements relating to wharfage, supplies furnished vessels or repairs to vessels, collisions, or any other matters in foreign commerce which, if the subject of controversy, would be embraced within admiralty jurisdiction." 9 U.S.C. § 1. Under Fifth Circuit authority, the arbitration clause contained in Stemcor charter party is a "broad" arbitration agreement because it covers "any dispute" that "arises under this contract." *Texaco Exploration & Production Co. v. AmClyde Engineered Prods. Co. Inc.* 243 F.3d 906, 909 (5th Cir. 2001). "As a result, any litigation arguably arising under such a clause should be stayed pending the arbitrator's decision as to whether the dispute is covered." *Id.* Under section 3 of the Federal Arbitration Act, "a stay is mandatory upon a showing that the opposing party has commenced suit upon any issue

referable to arbitration under an agreement in writing for such arbitration . . . ." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992).  The Fifth Circuit has interpreted this language to mean that the district court cannot deny a stay when one is properly requested.  *Id.*  "This rule, however, was not intended to limit dismissal of a case in the proper circumstances."  *Id*.  If all the issues raised before the district court are arbitrable, dismissal of the case is appropriate.  *Id.*  As the Fifth Circuit explained in *Alford*:

> Although we understand that plaintiff's motion to compel arbitration must be granted, we do not believe the proper course is to stay the action pending arbitration.  Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose.  Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law.

*Id.* (quoting *Sea-Land Service, Inc. v. Sea-Land of Puerto Rico, Inc.*, 636 F. Supp. 750, 757 (D. Puerto Rico 1986)).

The parties do not dispute that if the arbitration clause is properly invoked, it covers Stemcor's claim for cargo damage.  The issue presented by this motion is whether this court or the arbitration tribunal should decide whether Stemcor's allegation of the arbitration provision in the complaint and its response to the request for admission stating that it did not timely initiate arbitration require dismissal of Stemcor's claim for damages.  Whether a request for arbitration is timely made under an arbitration agreement is a matter of procedural arbitrability that, under long-standing Fifth Circuit case law, is for an arbitrator to decide.  *See Commerce Park at DFW Freeport v. Mardian Constr. Co.*, 334 F.2d 334, 339 n.5 (5th

Cir. 1984) (noting "matters of procedural arbitrability, such as, *inter alia*, whether the request

for arbitration was timely under the arbitration agreement, are for the arbitrator to decide");

*see also Oil, Chem. and Atomic Workers' Int'l Union, Local 4-447 v. Chevron Chem. Co.*,

815 F.2d 338, 341 (5th Cir. 1987) ("[q]uestions of timeliness are ones of procedural, not

substantive arbitrability.  As such, timeliness should be decided by an arbitrator, if the

underlying substantive claim is arbitrable.") (citing *John Wiley & Sons, Inc. v. Livingston*,

376 U.S. 543, 557–58 (1964)).

In *Smith Barney Shearson, Inc. v. Boone*, 47 F.3d 750 (5th Cir. 1995), a brokerage

firm sought a declaratory judgment in district court that its former customers' grievances

were not subject to arbitration.  The firm argued that the customers had filed their grievances

too late under the arbitration rules that applied under the parties' agreements.  Those

agreements called for arbitration under rules that required a party to file a claim within six

years "from the occurrence or event giving rise to the act or the dispute, claim or

controversy." *Id.* at 751.  The district court held that the issue of timeliness was itself subject

to arbitration and refused to grant the firm the relief it sought.  The Fifth Circuit affirmed.

*Id.*

In the present case, Unishipping asks this court to dismiss Stemcor's damage claim

with prejudice on the basis that it failed to comply with the arbitration clause in the parties'

charter party, because it failed file its claim within one year of the cargo's discharge and

failed to comply with the rules for initiating an arbitration.  Whether Stemcor complied with

the procedural requirements for arbitration and the effects of any failure to do so are

questions for the arbitrator, not the court, to decide.  *See Boone*,  47 F.3d at 754. ("[T]he

timeliness issues raised in this case are issues of procedural arbitrability and must be decided

by the arbitrator.").

This court has "very limited" jurisdiction when a dispute subject to arbitration is

presented.  *Gulf Guaranty Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 486 (5th

Cir. 2002).  A court may only decide "whether a valid agreement to arbitrate exists and the

scope and enforcement of the agreement." *Id.*  Neither Stemcor nor Unishipping dispute the

existence or scope and enforcement of their agreement's arbitration provision.  Under section

4 of the Federal Arbitration Act, "[a] party aggrieved" by another party's failure, neglect, or

refusal to arbitrate under a written agreement for arbitration may petition this court for an

order "directing that such arbitration proceed in the manner provided for in such agreement."

9 U.S.C. § 4.  Neither Stemcor nor Unishipping seeks such an order.  Unishipping asks that

this court dismiss Stemcor's claims with prejudice for failure to follow the rules for initiating

arbitration; this issue is for the arbitrator to decide.  Stemcor asks that this court stay this

action pending arbitration before Jack Berg, an arbitrator whose unilateral selection by

Stemcor apparently violated the arbitration rules made applicable by the parties' agreement.[2]

---

[2]      This court notes that section 5 of the Federal Arbitration Act states that "[i]f in the agreement
provision be made for a method of naming or appointing the arbitrator or arbitrators, or an umpire, such
method shall be followed."  9 U.S.C. § 5.  *See also* "Appointment of Arbitrators," 21 WILLISTON ON
CONTRACTS § 54:68 (4th Ed. 2004) ("Arbitrators are appointed in accordance with the underlying contract,
the arbitration rules adopted or referenced by the parties, or by a court as a last resort. . . . [T]he rule that an
arbitrator's powers are derived from the contract applies with respect to the selection of an arbitrator.  A
selection that is not authorized by the contract, or by a statute that has been effectively incorporated into the
contract, confers no authority on the person chosen.").

The proper course is to dismiss this action without prejudice, to permit the parties to pursue arbitration in accordance with their agreement.

## IV.    Conclusion

Unishipping's motion to dismiss is granted, in part.  This case is dismissed, but without prejudice, to permit Stemcor to pursue arbitration of the underlying claim in accordance with the rules called for by the parties' arbitration provision, including the rules applicable to selecting an arbitrator.   If Stemcor pursues arbitration in accordance with the parties' contract, Unishipping may raise in that arbitration any defense based on Stemcor's failures to comply with the procedural requirements for arbitration, specifically, the effects of any delay (including whether Stemcor has judicially admitted a failure to seek arbitration timely) and the failure to comply with the requirements for designating arbitrators.

SIGNED on July 20, 2005.

_____

Lee H. Rosenthal
United States District Judge